## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATTIANN MERRIFIELD, and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>LOCK HAVEN UNIVERSITY OF PENNSYLVANIA,<br><br>and<br><br>DEANA HILL, in her Individual and Official Capacity,<br><br>      Defendants | NO. _____ |

### COMPLAINT

### PARTIES

1. Plaintiff, Pattiann Merrifield, is an adult individual who resides at 1355 Sugar Run Road, Mill Hall, Pennsylvania 17751.

2. Defendant, Lock Haven University of Pennsylvania, was, at all times relevant hereto, the Plaintiff's employer, and an instrumentality of the Commonwealth of Pennsylvania, with a principal place of business at 401 North Fairview Street, Lock Haven, Pennsylvania 17745.

3. Defendant, Deana Hill, was, at all times relevant hereto, the Associate Vice President of Human Resources for Defendant, Lock Haven University of Pennsylvania. Defendant Hill is sued in her official capacity as Associate Vice President of Human Resources under 42 U.S.C. § 1983; her individual/personal capacity under 42 U.S.C. § 1983; and also for aiding and abetting under the Pennsylvania Human Relations Act ("PHRA").

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. § 1331 and 1343, this Court has subject-matter jurisdiction over Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, which are based on violations of the Fourteenth Amendment to the United States Constitution.

5.      The declaratory and injunctive relief sought herein is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, and Rule 57 of the Federal Rules of Civil Procedure.

6.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state-law claims, as those claims arise out of the same set of operative facts as the federal claims.

7.      This Court may exercise personal jurisdiction, both general and specific, over the Defendant, Lock Haven University of Pennsylvania, because this Defendant has a principal place of business in this District, and regularly conduct business, at 401 North Fairview Street, Lock Haven, Pennsylvania 17745, which is where the causes of action herein arose.

8.      This Court may exercise personal jurisdiction, both general and specific, over the Defendant, Deana Hill, because Hill resides in this District in Castanea, Pennsylvania, and is employed and regularly conducts business at 401 North Fairview Street, Lock Haven, Pennsylvania 17745, which is where the causes of action herein arose.

9.      Venue is proper because the causes of action herein occurred at 401 North Fairview Street, Lock Haven, Pennsylvania 17745, which is within the Middle District of Pennsylvania.

10.     Defendant, Lock Haven University of Pennsylvania, at all times relevant hereto, employed four (4) or more persons within the Commonwealth of Pennsylvania.

11.     Plaintiff has exhausted all administrative remedies.  A Notice of Right-to-Sue from the Pennsylvania Human Relations Commission ("PHRC") is attached hereto as Exhibit "A," and

2

a Notice of Right-to-Sue from the Equal Employment Opportunity Commission ("EEOC") is attached hereto as Exhibit "B."

**COUNT I: 42 U.S.C. § 1983,**
**WRONGFUL DISCHARGE/TERMINATION BASED ON AGE IN VIOLATION OF**
**THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT**
**TO THE UNITED STATES CONSTITUTION**
**(Plaintiff, Pattiann Merrifield v. Defendant, Deana Hill, In Her Individual and Official Capacity)**

12.    All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

13.    Plaintiff seeks prospective equitable/injunctive relief under 42 U.S.C. § 1983 against Defendant, Deana Hill, in her official capacity as Associate Vice President of Human Resources for Lock Haven University of Pennsylvania. The University is a governmental entity and/or instrumentality, and Defendant Hill is the relevant official, officer, and/or agent who committed the acts complained of herein.

14.    Defendant Hill personally participated in violating the Plaintiff's constitutional rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by giving Plaintiff the option of early retirement and an Early Retirement Reduction Penalty, and then when Plaintiff refused Defendant Hill discharged Plaintiff based on her age, 58 (Date of Birth: 9/5/1957), and to avoid paying retirement benefits which Plaintiff would have received when Plaintiff attained age 60.

15.    Defendant Hill personally participated in, had knowledge of, and/or acquiesced in changing Plaintiff's termination to a resignation, after the fact, because if a vestee elects early retirement, the Early Retirement Reduction Penalty is triggered, and retirement benefits shall be determined on the basis of the number of years and months the employee is from such date at the effective date of application for early retirement.

3

16.    Defendant Hill, at all times relevant hereto, had policy-making and final decision-making authority regarding giving Plaintiff the option of early retirement and terminating Plaintiff based on her age.

17.    Defendant Hill's official conduct conformed to official policy, custom, or practice of age discrimination, mandatory/forced retirement, and the practice of evading paying retirement benefits which older employees are owed.

18.    Plaintiff seeks monetary damages under 42 U.S.C. § 1983 against Defendant, Deana Hill, in her personal or individual capacity, as the official acting under color of state law who caused the deprivation of Plaintiff's right to be free from age discrimination.

19.    Lock Haven University of Pennsylvania classified Plaintiff in class of service "AA-60." This means that the University classified Plaintiff's "normal retirement age," or "superannuation age," as age 60.

20.    Plaintiff was employed by Lock Haven University of Pennsylvania as a Clerk beginning in October 2, 2006, for almost ten (10) years, during which time her performance was consistently rated by her previous supervisor, Sherry Herritt, as "commendable" (the rating *above* "satisfactory").

21.    Plaintiff was highly praised by her supervisor, Ms. Herritt, and rated as "trustworthy," "dependable," "cooperative," having "dedication" and a "significant commitment to the department's mission," having an "approachable/excellent personality," and being a "team player" and "well-rounded employee."

22.    In September 2015, the University and/or the State Employees' Retirement System ("SERS") notified Plaintiff and other older employees: "Reducing the Early Retirement Reduction: When you retire and begin receiving payments **before** reaching your SERS retirement date, your pension is reduced for early retirement – the earlier you retire, the greater the reduction

4

. . . After reaching your SERS normal retirement date, your pension no longer increases and can actually decrease under certain payment options" (emphasis in original).

23.    The State Employees' Retirement System ("SERS") provides: "Age Can Impact Your Benefit. If you haven't reached SERS normal retirement age, your benefit could be reduced for early retirement. The further you are from SERS normal retirement age, the greater the reduction. SERS normal retirement age is 65, 60, 55, or 50 depending on your class of service," and "If you choose to retire before then, your pension will be reduced based on how much younger you are when you retire."

24.    On January 7, 2016, SERS notified employees that they would be mailed tax documents related to their pension/retirement plans on January 14, 2016.

25.    On January 13, 2016, Defendant Hill posted on Facebook:

"Bahahha... Good for her... #Hilarious #Funny #Joke #Marriage #Husband #Wife #Oldcouple

After being married for 50 years, I took a careful look at my wife one day and said, 'Fifty years ago we had a cheap house, a junk car, slept on a sofa-bed and watched a 10-inch black and white TV. But hey I got to sleep every night with a hot 23-year-old girl. Now... I have a $750,000 home, a $45,000 car, a nice big bed and a large screen TV, but I'm sleeping with a 73-year-old woman. So I said to my wife 'it seems to me that you're not holding up your side of things.' My wife is a very reasonable woman. She told me to go out and find a hot 23-year-old girl and she would make sure that I would once again be living in a cheap house, driving a junk car, sleeping on a sofa bed and watching a 10-inch black and white TV. Aren't older women great? They really know how to solve an old guy's problems!"

26.    On January 14, 2016, SERS mailed employees the tax documents related to their pension/retirement plans.

27.    On January 15, 2016, SERS notified employees that they were mailed tax documents related to their pension/retirement plans.

28.    On January 20, 2016, tax documents for all employees' pension/retirement plans were made available by the State Employees' Retirement System ("SERS") in their online member services accounts.

29.    On January 20, 2016, Defendant, Deana Hill, Associate Vice President of Human

Resources, provided Plaintiff a letter about her eligibility to retire that stated:

"Dear Ms. Merrifield:

The Office of Human Resources has received notification that your employment with Lock
Haven University of PA will cease January 20, 2016.

. . .

Retirement – You may contact Ms. Joanna Johnson, State Employees Retirement System
(Montoursville Branch Office) to discuss your options concerning your account. Her toll free
telephone number is 1-800-633-5461, extension 3404."

30.    Defendant Hill's January 20, 2016 letter offering Plaintiff retirement did not provide

Plaintiff a reason for her termination.

31.    On or about January 20, 2016, Plaintiff expressed to Ms. Hill that she did not want to

retire.

32.    On January 21, 2016, Ms. Hill then provided Plaintiff a second letter that stated Plaintiff

was being terminated for alleged performance reasons.

33.    Defendant Hill's second letter, dated January 21, 2016, stated specifically that "[o]n

December 7, 2015, you were issued a written reprimand for your unsatisfactory work performance," and

"Lock Haven University has no alternative but to terminate your employment for continued

unsatisfactory work performance . . . ."

34.    However, the December 7, 2015 reprimand actually contained the following alternative:

"You were advised that a 60-day Performance Improvement Plan will be established for you to cover the

time period beginning immediately until February 1, 2016 . . . Your next formal review will occur

during the week of February 1, 2016."

6

35.     Instead of following their protocol and offering Plaintiff a Performance Improvement Plan that covered the time period up until February 1, 2016, Plaintiff's SERS account reflects that her "proposed date of retirement" was "2/06/2016."

36.     Plaintiff filed a grievance with her labor union against Lock Haven University over her termination. The outcome of the grievance was that the union stated, on March 29, 2016: "Upon completing our review, it was suggested that the Union approach the University with the resolve of having your termination removed from your official file and replaced with a resignation in lieu of termination. Ms. Hill confirmed their willingness to adjust your records."

37.     The Retirement Code, which applies to State employees of the Pennsylvania State System of Higher Education, and governs the State Employees' Retirement System ("SERS"), provides that, "In the event a vestee elects early retirement or dies, the applicable reduction factor shall be determined on the basis of the number of years and months he is from such date at the effective date of application for early retirement, or date of death, as the case may be." See 004 Pa. Code § 243.14.

38.     During Plaintiff's employment, and in one of Plaintiff's performance reviews, the University's agents, servants, and/or employees, at the direction of and/or with the knowledge and acquiescence of Hill, demanded that Plaintiff "perform all functions of the job at the same time."

39.     Although Plaintiff was instructed to perform all functions of the job at the same time, the University's agents, servants and/or employees, at the direction of and/or with the knowledge and acquiescence of Hill, also instructed Plaintiff simultaneously to pay closer attention to detail and monitor her work more thoroughly for any mistakes. For example, Plaintiff was criticized for printing 90 books instead of 91 books. Plaintiff was rated poorly in her performance reviews for "errors in required quantities of duplications."

40.     However, similarly situated, substantially younger student workers/employees, including Colton Killion, Zachary Ohl, Jenny Manning, Maddie Hesley, and Mara Hesley were treated more

7

favorably and dealt with less harshly including by not being subjected to inconsistent or unreasonable demands and not being scrutinized. Ohl and Killion were allowed to sleep conspicuously on the floor during their shifts, and the Hesleys were allowed to go to Starbucks during their shifts. To Plaintiff's knowledge, these student workers were never disciplined or discharged.

41.    Defendant Hill replaced Plaintiff with a substantially younger female, Jamie Confer Kelly, who was at all times relevant hereto a 34-year-old former Lock Haven University student and student worker/employee.

42.    At age 58, Plaintiff had 9 credited years of service when she was discharged, and was replaced by Confer, a 34-year-old who had 1 year of credited service. This is like a kind of reverse seniority system. Plaintiff was nudged into retirement based on stereotypes that older workers are more expensive and burdensome, and that competence and productivity decline with age.

43.    Defendant Hill's policy, practice, and/or custom of mandatory/forced retirement, and age discrimination, is persistent and widespread, to wit:

44.    Incorporated by reference herein is the notarized Affidavit of Scott Eldredge, the former Public Relations Director for Lock Haven University, dated August 29, 2016. See Affidavit of Scott Eldredge, dated August 29, 2016, at Exhibit "A." Mr. Eldredge similarly described that he was employed by Lock Haven University ("LHU") "for nearly fourteen (14) years . . . prior to being terminated in April 2013 at the age of fifty one (51)," and "I believe my job duties were assumed by . . . a graduate student assistant, who was twenty four (24) years old at the time." See Eldredge Aff., at Ex. "C," para. 3-4. Mr. Eldredge stated that "[i]t was my perception at the time that I was terminated due to age discrimination." See id. at para. 9.

45.    Mr. Eldredge stated, in his Affidavit, that "[i]n my termination letter, LHU did not provide me a reason for why I was being terminated," and listed on Mr. Eldredge's termination letter was Deana Hill, Associate Vice President of Human Resources. See id. at para. 6, 10.

8

46.     Mr. Eldredge stated, in his Affidavit, that "LHU then asked me, in writing, to waive my right to sue the University in order to receive a severance package. The very first right listed in the release and waiver, that I was asked to waive, was the right to sue under 'the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 621, et seq.'" See Eldredge Aff., at Ex. "C," para. 6-7. After Mr. Eldredge did not sign the ADEA Waiver, he states in his Affidavit that the University "denied my severance." See id. at para. 8.

47.     Also incorporated by reference herein is the notarized Affidavit of Carol A. Latronica, D.Ed., the former Dean of Student Development for Lock Haven University, dated July 15, 2016. See Affidavit of Carol A. Latronica, D.Ed., dated July 15, 2016, at Exhibit "D." Dr. Latronica stated, in part, that she was terminated "the day after my 57[th] birthday, after 26 years of loyal service" and felt "I was forced out of a job." See Latronica Aff., at Ex. "D," para. 2, 12.

48.     Dr. Latronica stated, in her Affidavit, that she was placed on "vacation," and met with "Ms. Deana Hill, Director of Human Resources." See id. at para. 6-7. When faced with termination by Hill, Dr. Latronica "said to Hill, in response to my termination, 'Well, why wouldn't I retire?' Hill responded positively to this. After another meeting with Ms. Hill . . . I received a document stating that my proposed 'retirement date' was October 25, 2013," and then "[o]n November 14, 2013, the Council of Trustees had a meeting . . . and President Fiorentino recommended the usual resolution be passed recognizing the retirement of . . . Dr. Carol Latronica . . . ." See id. at para. 6-7, 10-11.

49.     During the meeting with Defendant Hill, Dr. Latronica stated, in her Affidavit, that she complained she "believed that I was the victim of discrimination, because of my age and gender," "I recall Hill responding, 'Do what you need to do,'" but "[n]either Hill, nor anyone at Lock Haven University, did anything with my complaint of age and gender discrimination . . . ." See id. at para. 8-9.

9

50.     Lock Haven University of Pennsylvania, at all times relevant hereto, did not have a conspicuous policy on their website, for Lock Haven University Employment, which prohibited age discrimination.

51.     At all times relevant hereto, Lock Haven University of Pennsylvania's internal job announcements, and job announcements placed with third-party employment agencies, did not include a prohibition on age discrimination, and still do not at present.

52.     At all times relevant hereto and even at present, the link to Lock Haven University of Pennsylvania's web page for the Office of Social Equity simply states: "Error: link not found."

53.     Plaintiff intends to use direct evidence as well as establish pretext.

**WHEREFORE,** Plaintiff, Pattiann Merrifield, requests judgment in her favor and against Defendant, Deana Hill, in an amount in excess of $150,000.00, and which will fully and fairly compensate Plaintiff for any and all back pay, front pay, back/front seniority, back/front benefits, back/front overtime pay, back/front bonuses, any raises Plaintiff would have received, uncompensated sick/personal/vacation time; an amount which compensates for the Early Retirement Reduction Penalty; any other retirement benefits which would not have been forfeited by Plaintiff but for Defendant's discrimination; and any other benefits including life insurance coverage, medical/health coverage, supplemental coverage, prescription coverage, vision coverage, dental coverage, and hearing coverage which would not have been forfeited but for Defendant's discrimination; compensatory damages for pain and suffering, mental anguish, anxiety, emotional distress, humiliation, embarrassment, and inconvenience; punitive damages; prospective injunctive, declaratory, and/or equitable relief requiring reinstatement and back seniority; requiring the Early Retirement Reduction Penalty to immediately cease being applied to Plaintiff's pension, so as to pay her full and complete retirement package; for Defendant to adopt and enforce a non-discrimination policy on the basis of age

10

on the website for Lock Haven University Employment, in all internal job postings, and in all job

postings sent to employment agencies; to immediately make the link to the Office of Social Equity

operable on the toolbar for the internal job posting web page, and within the "Diversity Statement" of

each internal job posting; to appoint a person over Defendant Hill to accept complaints of

discrimination and harassment in employment; to give notice to all of Defendant, Lock Haven

University of Pennsylvania's, employees of this new person's contact information; to provide non-

discrimination and anti-harassment training; to remove the reasons for Plaintiff's termination and/or

resignation from her personnel file; to provide a neutral employment reference; to conspicuously post

notice of the verdict in this matter in the workplace; as well as any pre- and post-judgment interest;

delay damages; reasonable attorneys' fees; expert witness fees; and costs of suit.

**COUNT II: 42 U.S.C. § 1983,**
**VIOLATION OF THE PROCEDURAL DUE PROCESS CLAUSE**
**OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(Plaintiff, Pattiann Merrifield v. Defendant, Deana Hill, In Her Individual and Official Capacity)**

54.    All of the foregoing paragraphs are incorporated by reference as if the same were

more fully set forth herein at length.

55.    Plaintiff had a legitimate claim of entitlement to, and property interest in, her

continued employment with Lock Haven University of Pennsylvania.

56.    Plaintiff also had a legitimate claim of entitlement to, and property interest in, her

full retirement benefits unreduced by an Early Retirement Reduction Penalty.

57.    In or around December 31, 2015, Plaintiff received a Statement of Account from

the State Employees' Retirement System ("SERS"), which stated that Plaintiff's estimated

retirement benefit as of December 31, 2015 was $60,214.42, but she stood to gain $89,604.51 as

of her normal retirement date (a difference of $29,390.09).

58.     On January 17, 2016, Lock Haven University's Associate Vice President of

Human Resources, Defendant, Deana Hill, e-mailed Plaintiff's union representative, Richard

Heimer, among other things, "We need to discuss our options with this employee."

59.     On January 20, 2016, Deana Hill, Associate Vice President of Human Resources,

provided Plaintiff a letter about her eligibility to retire that stated:

"Dear Ms. Merrifield:

The Office of Human Resources has received notification that your employment with Lock
Haven University of PA will cease January 20, 2016.

. . .

Retirement – You may contact Ms. Joanna Johnson, State Employees Retirement System
(Montoursville Branch Office) to discuss your options concerning your account.  Her toll free
telephone number is 1-800-633-5461, extension 3404."

60.     Defendant Hill's January 20, 2016 letter offering Plaintiff retirement did not provide

Plaintiff a reason for her termination.

61.     On or about January 20, 2016, Plaintiff expressed to Ms. Hill that she did not want to

retire.

62.     On January 21, 2016, Ms. Hill then provided Plaintiff a second letter that stated Plaintiff

was being terminated for alleged performance reasons.

63.     Defendant Hill's second letter, dated January 21, 2016, stated specifically that "[o]n

December 7, 2015, you were issued a written reprimand for your unsatisfactory work performance," and

"Lock Haven University has no alternative but to terminate your employment for continued

unsatisfactory work performance . . . ."

64.     However, the December 7, 2015 reprimand actually contained the following alternative:

"You were advised that a 60-day Performance Improvement Plan will be established for you to cover the

12

time period beginning immediately until February 1, 2016 . . . Your next formal review will occur during the week of February 1, 2016."

65.    Instead of following their protocol and offering Plaintiff a Performance Improvement Plan that covered the time period up until February 1, 2016, Plaintiff's SERS account reflects that her "proposed date of retirement" was "2/06/2016."

66.    Plaintiff filed a grievance with her labor union against Lock Haven University over her termination.  The outcome of the grievance was that the union stated, on March 29, 2016:  "Upon completing our review, it was suggested that the Union approach the University with the resolve of having your termination removed from your official file and replaced with a resignation in lieu of termination.  Ms. Hill confirmed their willingness to adjust your records."

67.    The Retirement Code, which applies to State employees of the Pennsylvania State System of Higher Education, and governs the State Employees' Retirement System ("SERS"), provides that, "In the event a vestee elects early retirement or dies, the applicable reduction factor shall be determined on the basis of the number of years and months he is from such date at the effective date of application for early retirement, or date of death, as the case may be."  See 004 Pa. Code § 243.14.

68.    Plaintiff's union representative, Richard Heimer, and Defendant, Deana Hill, discussed their options concerning Plaintiff's continued employment and possible retirement, and decided to offer Plaintiff the option of early retirement without notice, or an opportunity for Plaintiff to be heard, beforehand.

69.    When Plaintiff did not agree to retire early, Defendant Hill terminated Plaintiff without an opportunity for Plaintiff to be heard beforehand.

70.    Plaintiff's union representative suggested, without any notice to Plaintiff or any opportunity for Plaintiff to be heard beforehand, that the Union already approached the University to change Plaintiff's termination to a resignation.

13

71. Defendant, Deana Hill, adjusted Plaintiff's employment records to reflect a resignation instead of a termination without any notice to Plaintiff, or an opportunity for Plaintiff to be heard beforehand.

72. Plaintiff had the Early Retirement Reduction Penalty assessed against her retirement benefits based on the number of years and months Plaintiff was from her normal retirement date without any notice to Plaintiff, or any opportunity for Plaintiff to be heard beforehand.

73. Even at present, Plaintiff continues to have the Early Retirement Reduction Penalty assessed against her retirement benefits based on the number of years and months Plaintiff was from her normal retirement date, but there is no opportunity for Plaintiff to appeal or otherwise be heard about this because the State Employees' Retirement System ("SERS") is not miscalculating the Early Retirement Reduction Penalty incorrectly *per se*.

74. Lock Haven University of Pennsylvania's web page for the Office of Social Equity because the web page was, at all times relevant hereto, and even at present, inactive, and simply states, "Error: link not found."

75. Plaintiff seeks prospective equitable/injunctive relief under 42 U.S.C. § 1983 against Defendant, Deana Hill, in her official capacity as Associate Vice President of Human Resources for Lock Haven University of Pennsylvania. The University is a governmental entity and/or instrumentality, and Defendant Hill is the relevant official, officer, and/or agent who committed the acts complained of herein.

76. Defendant Hill personally participated in violating the Plaintiff's constitutional rights under the Procedural Due Process Clause of the Fourteenth Amendment to the United States Constitution by offering retirement, then terminating Plaintiff when she did not accept early retirement, then changing the termination to a resignation to evade paying retirement benefits which Plaintiff was owed without notice or an opportunity for Plaintiff to be heard.

14

77.    Defendant Hill personally participated in, had knowledge of, and/or acquiesced in changing Plaintiff's termination to a resignation, after the fact, without notice to Plaintiff or an opportunity for Plaintiff to be heard, in order to evade paying retirement benefits which Plaintiff was owed.

78.    Defendant Hill, at all times relevant hereto, had policy-making and final decision-making authority regarding giving Plaintiff the option of early retirement and terminating Plaintiff.

79.    Defendant Hill's official conduct conformed to official policy, custom, or practice of offering retirement, then terminating an employee who does not elect early retirement, then changing the termination to a resignation to evade paying retirement benefits which older employees are owed.

80.    Plaintiff seeks monetary damages under 42 U.S.C. § 1983 against Defendant, Deana Hill, in her personal or individual capacity, as the official acting under color of state law who caused the deprivation of Plaintiff's rights.

**WHEREFORE,** Plaintiff, Pattiann Merrifield, requests judgment in her favor and against Defendant, Deana Hill, in an amount in excess of $150,000.00, and which will fully and fairly compensate Plaintiff for any and all back pay, front pay, back/front seniority, back/front benefits, back/front overtime pay, back/front bonuses, any raises Plaintiff would have received, uncompensated sick/personal/vacation time; an amount which compensates for the Early Retirement Reduction Penalty; any other retirement benefits which would not have been forfeited by Plaintiff but for Defendant's discrimination; and any other benefits including life insurance coverage, medical/health coverage, supplemental coverage, prescription coverage, vision coverage, dental coverage, and hearing coverage which would not have been forfeited but for Defendant's discrimination; compensatory damages for pain and suffering, mental anguish, anxiety, emotional distress, humiliation, embarrassment, and inconvenience; punitive damages; prospective injunctive, declaratory, and/or equitable relief requiring reinstatement and back seniority; requiring the Early Retirement Reduction

15

Penalty to immediately cease being applied to Plaintiff's pension, so Plaintiff will be paid her full and complete retirement package; for Defendants to provide notice and an opportunity for any employee to appeal a termination by Defendant Hill to another designated person; to remove the reasons for Plaintiff's termination and/or resignation from her personnel file; to provide a neutral employment reference; to conspicuously post notice of the verdict in this matter in the workplace; as well as any pre- and post-judgment interest; delay damages; reasonable attorneys' fees; expert witness fees; and costs of suit.

### COUNT III: WRONGFUL DISCHARGE/TERMINATION ON THE BASIS OF AGE IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA") (Plaintiff, Pattiann Merrifield v. Defendants, Lock Haven University of Pennsylvania and Deana Hill)

81.    All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

82.    Defendant, Lock Haven University of Pennsylvania, intentionally discriminated against Plaintiff by discharging her based on her age. Defendant discharged Plaintiff at age 58 (Date of Birth: 9/5/1957).

83.    Alternatively, Defendant, Lock Haven University of Pennsylvania, discharged Plaintiff at age 58 because she was going to attain age 60, which is the age when she would have become entitled to a full pension unreduced by an Early Retirement Reduction Penalty.

84.    Defendant, Lock Haven University of Pennsylvania, classified Plaintiff in class of service "AA-60." This means that Defendant, Lock Haven University of Pennsylvania, classified Plaintiff's "normal retirement age," or "superannuation age," as age 60.

85.    Plaintiff was employed by Defendant as a Clerk beginning in October 2, 2006, for almost ten (10) years, during which time her performance was consistently rated by her previous supervisor, Sherry Herritt, as "commendable" (the rating *above* "satisfactory").

16

86.    Plaintiff was highly praised by her supervisor, Ms. Herritt, and rated as "trustworthy," "dependable," "cooperative," having "dedication" and a "significant commitment to the department's mission," an "approachable/excellent personality," and being a "team player" and "well-rounded employee."

87.    In September 2015, Defendant and/or the State Employees' Retirement System ("SERS") notified Plaintiff and other older employees: "Reducing the Early Retirement Reduction:  When you retire and begin receiving payments **before** reaching your SERS retirement date, your pension is reduced for early retirement – the earlier you retire, the greater the reduction . . . After reaching your SERS normal retirement date, your pension no longer increases and can actually decrease under certain payment options" (emphasis in original).

88.    The State Employees' Retirement System ("SERS") provides:  "Age Can Impact Your Benefit.  If you haven't reached SERS normal retirement age, your benefit could be reduced for early retirement.  The further you are from SERS normal retirement age, the greater the reduction.  SERS normal retirement age is 65, 60, 55, or 50 depending on your class of service," and "If you choose to retire before then, your pension will be reduced based on how much younger you are when you retire."

89.    On January 7, 2016, SERS notified all employees that we would be mailed tax documents related to their pension/retirement plans on January 14, 2016.

90.    On January 13, 2016, Defendant's Associate Vice President for Human Resources, Deana Hill, posted on Facebook:

"Bahahha… Good for her… #Hilarious #Funny #Joke #Marriage #Husband #Wife #Oldcouple

After being married for 50 years, I took a careful look at my wife one day and said, 'Fifty years ago we had a cheap house, a junk car, slept on a sofa-bed and watched a 10-inch black and white TV.  But hey I got to sleep every night with a hot 23-year-old girl.  Now… I have a $750,000 home, a $45,000 car, a nice big bed and a large screen TV, but I'm sleeping with a 73-year-old woman.  So I said to my wife 'it seems to me that you're not holding up your side of

17

things.' My wife is a very reasonable woman. She told me to go out and find a hot 23-year-old girl and she would make sure that I would once again be living in a cheap house, driving a junk car, sleeping on a sofa bed and watching a 10-inch black and white TV. Aren't older women great? They really know how to solve an old guy's problems!"

91.     On January 14, 2016, SERS mailed employees the tax documents related to their pension/retirement plans.

92.     On January 15, 2016, SERS notified employees that they were mailed tax documents related to their pension/retirement plans.

93.     On January 20, 2016, tax documents for all employees' pension/retirement plans were made available by the State Employees' Retirement System ("SERS") in their online member services accounts.

94.     On January 20, 2016, Deana Hill, Associate Vice President of Human Resources, provided Plaintiff a letter about her eligibility to retire that stated:

"Dear Ms. Merrifield:

The Office of Human Resources has received notification that your employment with Lock Haven University of PA will cease January 20, 2016.

. . .

Retirement – You may contact Ms. Joanna Johnson, State Employees Retirement System (Montoursville Branch Office) to discuss your options concerning your account. Her toll free telephone number is 1-800-633-5461, extension 3404."

95.     Defendants' January 20, 2016 letter offering Plaintiff retirement did not provide Plaintiff a reason for her termination.

96.     On or about January 20, 2016, Plaintiff expressed to Ms. Hill that she did not want to retire.

97.     On January 21, 2016, Ms. Hill then provided Plaintiff a second letter that stated Plaintiff was being terminated for alleged performance reasons.

18

98.   Defendants' second letter, dated January 21, 2016, stated specifically that "[o]n December 7, 2015, you were issued a written reprimand for your unsatisfactory work performance," and "Lock Haven University has no alternative but to terminate your employment for continued unsatisfactory work performance . . . ."

99.   However, the December 7, 2015 reprimand actually contained the following alternative: "You were advised that a 60-day Performance Improvement Plan will be established for you to cover the time period beginning immediately until February 1, 2016 . . . Your next formal review will occur during the week of February 1, 2016."

100.   Instead of following their protocol and offering Plaintiff a Performance Improvement Plan that covered the time period up until February 1, 2016, Plaintiff's SERS account reflects that her "proposed date of retirement" was "2/06/2016."

101.   Plaintiff filed a grievance with her labor union against Lock Haven University over her termination. The outcome of the grievance was that the union stated, on March 29, 2016:  "Upon completing our review, it was suggested that the Union approach the University with the resolve of having your termination removed from your official file and replaced with a resignation in lieu of termination. Ms. Hill confirmed their willingness to adjust your records."

102.   The Retirement Code, which applies to State employees of the Pennsylvania State System of Higher Education, and governs the State Employees' Retirement System ("SERS"), provides that, "In the event a vestee elects early retirement or dies, the applicable reduction factor shall be determined on the basis of the number of years and months he is from such date at the effective date of application for early retirement, or date of death, as the case may be." See 004 Pa. Code § 243.14.

103.   During Plaintiff's employment, and in one of Plaintiff's performance reviews, Defendants and/or their agents, servants, and/or employees demanded that Plaintiff "perform all functions of the job at the same time."

19

104.    Although Plaintiff was instructed to perform all functions of the job at the same time, Defendants and/or their agents, servants, and/or employees, also instructed Plaintiff simultaneously to pay closer attention to detail and monitor her work more thoroughly for any mistakes.  For example, Plaintiff was criticized for printing 90 books instead of 91 books.  Defendants' and/or their agents, servants, and/or employees rated Plaintiff poorly in her performance reviews for "errors in required quantities of duplications."

105.    However, similarly situated, substantially younger student workers/employees, including Colton Killion, Zachary Ohl, Jenny Manning, Maddie Hesley, and Mara Hesley were treated more favorably and dealt with less harshly including by not being subjected to inconsistent or unreasonable demands and not being scrutinized.  Ohl and Killion were allowed to sleep conspicuously on the floor during their shifts, and the Hesleys were allowed to go to Starbucks during their shifts.  To Plaintiff's knowledge, these student workers were never disciplined or discharged.

106.    Defendants replaced Plaintiff with a substantially younger female, Jamie Confer Kelly, who was at all times relevant hereto a 34-year-old former Lock Haven University student and student worker/employee.

107.    At age 58, Plaintiff had 9 credited years of service when she was discharged, and was replaced by Confer, a 34-year-old who had 1 year of credited service.  This is like a kind of reverse seniority system.  Plaintiff was nudged into retirement based on stereotypes that older workers are more expensive and burdensome, and that competence and productivity decline with age.

108.    Plaintiff intends to use direct evidence as well as establish pretext.

**WHEREFORE,** Plaintiff, Pattiann Merrifield, requests judgment in her favor and against Defendants, Lock Haven University of Pennsylvania and Deana Hill, in an amount in excess of $150,000.00, and which will fully and fairly compensate Plaintiff for any and all back pay, front pay, back/front seniority, back/front benefits, back/front overtime pay, back/front bonuses, any raises

20

Plaintiff would have received, uncompensated sick/personal/vacation time; an amount which compensates for the Early Retirement Reduction Penalty; any other retirement benefits which would not have been forfeited by Plaintiff but for Defendants' discrimination; and any other benefits including life insurance coverage, medical/health coverage, supplemental coverage, prescription coverage, vision coverage, dental coverage, and hearing coverage, which would not have been forfeited but for Defendants' discrimination; compensatory damages for pain and suffering, mental anguish, anxiety, emotional distress, humiliation, embarrassment, and inconvenience; injunctive, declaratory, and/or equitable relief requiring Defendant, Lock Haven University of Pennsylvania, to immediately cease applying the Early Retirement Reduction Penalty to Plaintiff's pension, so as to pay her full and complete retirement package; to adopt and enforce a non-discrimination policy on the basis of age on their website for Lock Haven University Employment, in all internal job postings, and in all job postings sent to employment agencies; to immediately make the link to the Office of Social Equity operable on the toolbar for the internal job posting web page, and within the "Diversity Statement" of each internal job posting; to appoint a person over Defendant Hill to accept complaints of discrimination and harassment in employment; to give notice to all of Defendant, Lock Haven University of Pennsylvania's, employees of this new person's contact information; to provide non-discrimination and anti-harassment training; to remove the reasons for Plaintiff's termination and/or resignation from her personnel file; to provide a neutral employment reference; to conspicuously post notice of the verdict in this matter in the workplace; as well as any pre- and post-judgment interest; delay damages; reasonable attorneys' fees; expert witness fees; and costs of suit.

**COUNT IV: INDIVIDUAL DISPARATE IMPACT ON THE BASIS OF AGE IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA") (Plaintiff, Pattiann Merrifield v. Defendants, Lock Haven University of Pennsylvania and Deana Hill)**

109.    All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

110.    Plaintiff identifies the following specific employment practices of Defendants, which adversely affect and have an illegal disparate impact on older workers including herself:

111.    Discharging an employee so they will not become eligible for pension benefits unreduced by an Early Retirement Reduction Penalty has an illegal adverse effect and disparate impact on older workers.

112.    Discharging an employee, but then changing the termination to a resignation so the employee will elect early retirement and not become eligible for pension benefits unreduced by an Early Retirement Reduction Penalty, has an illegal adverse effect and disparate impact on older workers.

113.    Retaining or discharging employees based on their SERS normal retirement date has an illegal adverse effect and disparate impact on older workers.

114.    Discharging employees who have accumulated *more* years of credited service under the "Basic Retirement Benefit Calculation," and/or the "SERS Annual Maximum Single Life Annuity (Annual MSLA) Formula," and retaining employees who have accumulated *less* years of credited service, has an illegal adverse effect and disparate impact on older workers.  For example, Plaintiff was 58 and had 9 credited years of service when she was discharged, and was replaced by a 34-year-old with 1 year of credited service.  This is like a kind of reverse seniority system.

115.    The above-named practices are not based on reasonable factors other than age.

22

116.   Statistically, employees with more years of credited service are more likely to be age 40 or over, 50 or over, or 60 or over.  These age groups are referred to as "classes of service" for purposes of benefit calculations.

117.   Plaintiff has identified two (2) other employees also discharged in their fifties, by the same decision-maker (Deana Hill), and these two (2) employees had each obtained more than 10 years of credited service.  See Exs. "C" and "D," attached hereto, which are incorporated herein by reference as if the same were more fully set forth herein at length.

**WHEREFORE,** Plaintiff, Pattiann Merrifield, requests judgment in her favor and against Defendants, Lock Haven University of Pennsylvania and Deana Hill, in an amount in excess of $150,000.00, and which will fully and fairly compensate Plaintiff for any and all back pay, front pay, back/front seniority, back/front benefits, back/front overtime pay, back/front bonuses, any raises Plaintiff would have received, uncompensated sick/personal/vacation time; an amount which compensates for the Early Retirement Reduction Penalty; any other retirement benefits which would not have been forfeited by Plaintiff but for Defendants' discrimination; and any other benefits including life insurance coverage, medical/health coverage, supplemental coverage, prescription coverage, vision coverage, dental coverage, and hearing coverage, which would not have been forfeited but for Defendants' discrimination; compensatory damages for pain and suffering, mental anguish, anxiety, emotional distress, humiliation, embarrassment, and inconvenience; injunctive, declaratory, and/or equitable relief requiring Defendant, Lock Haven University of Pennsylvania, to immediately cease applying the Early Retirement Reduction Penalty to Plaintiff's pension, so as to pay her full and complete retirement package; to adopt and enforce a non-discrimination policy on the basis of age on their website for Lock Haven University Employment, in all internal job postings, and in all job postings sent to employment agencies; to immediately make the link to the Office of Social Equity operable on the toolbar for the internal job posting web page, and within the "Diversity Statement" of

23

each internal job posting; to appoint a person over Defendant Hill to accept complaints of

discrimination and harassment in employment; to give notice to all of Defendant, Lock Haven

University of Pennsylvania's, employees of this new person's contact information; to provide non-

discrimination and anti-harassment training; to remove the reasons for Plaintiff's termination and/or

resignation from her personnel file; to provide a neutral employment reference; to conspicuously post

notice of the verdict in this matter in the workplace; as well as any pre- and post-judgment interest;

delay damages; reasonable attorneys' fees; expert witness fees; and costs of suit.

## CLASS-WIDE ALLEGATIONS

### V: SYSTEMIC DISPARATE TREATMENT ON THE BASIS OF AGE IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA") (Plaintiffs, Pattiann Merrifield, and all others similarly situated, v. Defendants, Lock Haven University of Pennsylvania and Deana Hill)

118.    All of the foregoing paragraphs are incorporated by reference as if the same were more

fully set forth herein at length.

119.    Plaintiff was discharged at age 58 (Date of Birth: 9/5/1957) based on her age, as

described above and incorporated herein by reference as if the same were more fully set forth at length

herein.

120.    Defendant, Lock Haven University of Pennsylvania, at all times relevant hereto, did not

have a conspicuous policy on their website, for Lock Haven University Employment, which prohibited

age discrimination.

121.    At all times relevant hereto, Defendant, Lock Haven University of Pennsylvania's

internal job announcements, and job announcements placed with third-party employment agencies, did

not include a prohibition on age discrimination, and still do not at present.

122.    At all times relevant hereto and even at present, the link to Defendant, Lock Haven University of Pennsylvania's, web page for the Office of Social Equity simply states: "Error: link not found."

123.    Plaintiff also identifies the following additional employees in support of her class-wide allegations of systemic disparate treatment based on age:

124.    Incorporated by reference herein is the notarized Affidavit of Scott Eldredge, the former Public Relations Director for Lock Haven University, dated August 29, 2016. See Affidavit of Scott Eldredge, dated August 29, 2016, at Exhibit "A." Mr. Eldredge similarly described that he was employed by Lock Haven University ("LHU") "for nearly fourteen (14) years . . . prior to being terminated in April 2013 at the age of fifty one (51)," and "I believe my job duties were assumed by . . . a graduate student assistant, who was twenty four (24) years old at the time." See Eldredge Aff., at Ex. "C," para. 3-4. Mr. Eldredge stated that "[i]t was my perception at the time that I was terminated due to age discrimination." See id. at para. 9.

125.    Mr. Eldredge stated, in his Affidavit, that "[i]n my termination letter, LHU did not provide me a reason for why I was being terminated," and listed on Mr. Eldredge's termination letter was Deana Hill, Associate Vice President of Human Resources. See id. at para. 6, 10.

126.    Mr. Eldredge stated, in his Affidavit, that "LHU then asked me, in writing, to waive my right to sue the University in order to receive a severance package. The very first right listed in the release and waiver, that I was asked to waive, was the right to sue under 'the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 621, et seq.'" See Eldredge Aff., at Ex. "C," para. 6-7. After Mr. Eldredge did not sign the ADEA Waiver, he states in his Affidavit that the University "denied my severance." See id. at para. 8.

127.    Also incorporated by reference herein is the notarized Affidavit of Carol A. Latronica, D.Ed., the former Dean of Student Development for Lock Haven University, dated July 15, 2016. See

Affidavit of Carol A. Latronica, D.Ed., dated July 15, 2016, at Exhibit "D." Dr. Latronica stated, in part, that she was terminated "the day after my 57th birthday, after 26 years of loyal service" and felt "I was forced out of a job." See Latronica Aff., at Ex. "D", para. 2, 12.

128.    Dr. Latronica stated, in her Affidavit, that she was placed on "vacation," and met with "Ms. Deana Hill, Director of Human Resources." See id. at para. 6-7. When faced with termination by Hill, Dr. Latronica "said to Hill, in response to my termination, 'Well, why wouldn't I retire?' Hill responded positively to this. After another meeting with Ms. Hill . . . I received a document stating that my proposed 'retirement date' was October 25, 2013," and then "[o]n November 14, 2013, the Council of Trustees had a meeting . . . and President Fiorentino recommended the usual resolution be passed recognizing the retirement of . . . Dr. Carol Latronica . . . ." See id. at para. 6-7, 10-11.

129.    During the meeting with Defendant Hill, Dr. Latronica stated, in her Affidavit, that she complained she "believed that I was the victim of discrimination, because of my age and gender," "I recall Hill responding, 'Do what you need to do,'" but "[n]either Hill, nor anyone at Lock Haven University, did anything with my complaint of age and gender discrimination . . . ." See id. at para. 8-9.

130.    Plaintiff seeks to represent a Class of any and all current or former employees of Defendant, Lock Haven University of Pennsylvania, who meet all of the following criteria: they are (1) in Class of Service A-60, AA-60, A-3-65, A-3-55, and A-4-55, who are age 50 and over; and in Class of Service A-50, AA-50, A-3-55, and A-4-55 and who are age 40 and over; (2) who have been terminated, have resigned, elected early retirement, and/or have suffered any loss of retirement benefits due to a reduction factor; and (3) whose separations involved Defendant, Deana Hill; from the time period of 180 days before the filing of this Complaint up until today, and continuing into the future until the resolution of this litigation.

131.    The Class will be so numerous that joinder will be impracticable.

26

132.    This systemic disparate treatment claim may only be brought as a class claim, therefore a class action is proper under Federal Rule of Civil Procedure 23(a)(2)-(3).

133.    Certification of this matter as a class action will fairly and adequately represent the interests of the class under Pennsylvania Rule of Civil Procedure 23(a)(4).

134.    This class action, to protect this class of employees, is necessary because the Defendants are not subject to private lawsuits by employees under the Age Discrimination in Employment Act ("ADEA"); their retirement plans are governmental plans exempted from the Employee Retirement Income Security Act ("ERISA"); the Defendants do not provide notice to their employees of the right to file a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") within 180 days of their termination; the person to whom a complaint of discrimination should be directed over Defendant Hill is the Office of Social Equity, whose website is not in operation when linked from the Lock Haven University Employment web page; and it is believed that the Defendants do not comply with the Older Workers Benefit Protection Act ("OWBPA").  For example, the Defendants terminated Mr. Eldredge and denied him a severance package after he refused to waive future claims under the Age Discrimination in Employment Act ("ADEA") in violation of the OWBPA.  See Ex. "C."

**WHEREFORE,** Plaintiff, Pattiann Merrifield, and the Class, request judgment in their favor and against Defendants, Lock Haven University of Pennsylvania and Deana Hill, in an amount in excess of $150,000.00, and which will fully and fairly compensate Plaintiff and the Class for any and all back pay, front pay, back/front seniority, back/front benefits, back/front overtime pay, back/front bonuses, any raises Plaintiff would have received, uncompensated sick/personal/vacation time; an amount which compensates for the Early Retirement Reduction Penalty; any other retirement benefits which would not have been forfeited by Plaintiff and the Class but for Defendants' discrimination; and any other benefits including life insurance coverage, medical/health coverage, supplemental coverage, prescription coverage, vision coverage, dental coverage, and hearing coverage, which would not have

27

been forfeited but for Defendants' discrimination; compensatory damages for pain and suffering, mental anguish, anxiety, emotional distress, humiliation, embarrassment, and inconvenience; injunctive, declaratory, and/or equitable relief requiring Defendant, Lock Haven University of Pennsylvania, to immediately cease applying the Early Retirement Reduction Penalty to Plaintiff's and other Class Members' pensions, so as to pay their full and complete retirement packages; to adopt and enforce a non-discrimination policy on the basis of age on the website for Lock Haven University Employment, in all internal job postings, and in all job postings sent to employment agencies; to immediately make the link to the Office of Social Equity operable on the toolbar for the internal job posting web page, and within the "Diversity Statement" of each internal job posting; to appoint a person over Defendant Hill to accept complaints of discrimination and harassment in employment; to give notice to all of Defendant, Lock Haven University of Pennsylvania's, employees of this new person's contact information; to provide non-discrimination and anti-harassment training; to remove the reasons for Plaintiff's termination and/or resignation from her personnel file; to provide a neutral employment reference; to conspicuously post notice of the verdict in this matter in the workplace; as well as any pre- and post-judgment interest; delay damages; reasonable attorneys' fees; expert witness fees; and costs of suit.

## VI: SYSTEMIC DISPARATE IMPACT ON THE BASIS OF AGE IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA") (Plaintiffs, Pattiann Merrifield, and all others similarly situated, v. Defendants, Lock Haven University of Pennsylvania and Deana Hill)

135. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

136. Plaintiff was discharged at age 58 (Date of Birth: 9/5/1957) because she was going to attain retirement benefits unreduced by an Early Retirement Reduction Penalty, as described above and incorporated herein by reference as if the same were more fully set forth at length herein.

28

137.    Plaintiff seeks to represent a Class of any and all current or former employees of Defendant, Lock Haven University of Pennsylvania, who meet all of the following criteria:  they are (1) in Class of Service A-60, AA-60, A-3-65, A-3-55, and A-4-55, who are age 50 and over; and in Class of Service A-50, AA-50, A-3-55, and A-4-55 and who are age 40 and over; (2) who have been terminated, have resigned, elected early retirement, and/or have suffered any loss of retirement benefits due to a reduction factor; and (3) whose separations involved Defendant, Deana Hill; from the time period of 180 days before the filing of this Complaint up until today, and continuing into the future until the resolution of this litigation.

138.    Dr. Latronica had retirement benefits through TIAA (formerly, "TIAA-CREF"), which indicates that she could be subject to a penalty if she is under age 55 when employment ended, and/or makes a withdrawal before 59 1/2 years of age .

139.    Mr. Eldredge also submitted an Affidavit stating that he lost benefits in the form a severance package because he did not sign an ADEA Waiver presented by Defendants.

140.    Mr. Eldredge and Dr. Latronica also lost other retirement benefits they would have been owed considering additional credited years of service.  Both Dr. Eldredge and Dr. Latronica had obtained more than 10 years of credited service when they were terminated.

141.    The Class will be so numerous that joinder will be impracticable.

142.    This systemic disparate impact claim may only be brought as a class claim, therefore a class action is proper under Federal Rule of Civil Procedure 23(a)(2)-(3).

143.    Certification of this matter as a class action will fairly and adequately represent the interests of the class under Pennsylvania Rule of Civil Procedure 23(a)(4).

**WHEREFORE,** Plaintiff, Pattiann Merrifield, and the Class, request judgment in their favor and against Defendants, Lock Haven University of Pennsylvania and Deana Hill, in an amount in excess of $150,000.00, and which will fully and fairly compensate Plaintiff and the Class for any and

29

all back pay, front pay, back/front seniority, back/front benefits, back/front overtime pay, back/front bonuses, any raises Plaintiff would have received, uncompensated sick/personal/vacation time; an amount which compensates for the Early Retirement Reduction Penalty; any other retirement benefits which would not have been forfeited by Plaintiff and the Class but for Defendants' discrimination; and any other benefits including life insurance coverage, medical/health coverage, supplemental coverage, prescription coverage, vision coverage, dental coverage, and hearing coverage, which would not have been forfeited but for Defendants' discrimination; compensatory damages for pain and suffering, mental anguish, anxiety, emotional distress, humiliation, embarrassment, and inconvenience; injunctive, declaratory, and/or equitable relief requiring Defendant, Lock Haven University of Pennsylvania, to immediately cease applying the Early Retirement Reduction Penalty to Plaintiff's and other Class Members' pensions, so as to pay their full and complete retirement packages; to adopt and enforce a non-discrimination policy on the basis of age on the website for Lock Haven University Employment, in all internal job postings, and in all job postings sent to employment agencies; to immediately make the link to the Office of Social Equity operable on the toolbar for the internal job posting web page, and within the "Diversity Statement" of each internal job posting; to appoint a person over Defendant Hill to accept complaints of discrimination and harassment in employment; to give notice to all of Defendant, Lock Haven University of Pennsylvania's, employees of this new person's contact information; to provide non-discrimination and anti-harassment training; to remove the reasons for Plaintiff's termination and/or resignation from her personnel file; to provide a neutral employment reference; to conspicuously post notice of the verdict in this matter in the workplace; as well as any pre- and post-judgment interest; delay damages; reasonable attorneys' fees; expert witness fees; and costs of suit.

## JURY DEMAND

Plaintiff, Pattiann Merrifield, requests a trial by jury, of eight (8) members, on all counts so triable.

Respectfully submitted,

DATED: 8/28/17

JUSTIN F. ROBINETTE, ESQUIRE
Attorney I.D. No. 319829
325 Chestnut Street,
Constitution Place,
Suite 800,
Philadelphia, PA 19106-2615
Tel:  (610) 212-6649
Fax:  (610) 910-3200
E-mail:  jrobinette@discrimlawyer.com

*Attorney for Plaintiff, Pattiann Merrifield*

31