# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATTIANN MERRIFIELD, | No. 4:17-CV-01542 |
| Plaintiff, | (Judge Brann) |
| v. | |
| LOCK HAVEN UNIVERSITY OF PENNSYLVANIA and DEANA HILL, | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 2, 2018

Three motions in the above-captioned action are pending before this Court: Pattiann Merrifield's Motion for Class Certification,[1] Defendants' Motion to Dismiss,[2] and Defendants' Motion for Extension of Time.[3] Ms. Merrifield's Motion for Class Certification will be denied, but she will be granted leave to seek class certification again after discovery has been completed. Defendants' Motion to Dismiss will be granted in part and denied in part. And Defendants' Motion for Extension of Time will be granted.

---

[1] ECF No. 21.

[2] ECF No. 37.

[3] ECF No. 43.

## I. BACKGROUND

Ms. Merrifield was employed by Lock Haven University from 2006 until January 20, 2016. On August 28, 2017, she initiated the above-captioned action against Defendants Lock Haven and Deana Hill, alleging that she had been terminated unlawfully.

The operative complaint[4] contains individual claims under the Equal Protection Clause ("EPC"), the Due Process Clause ("DPC"), the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Resources Act, as well as proposed class claims under the ADEA and the PHRA. The claims are brought against Lock Haven and Ms. Hill, in both her official and her personal capacity.

## II. DISCUSSION

### A. Ms. Merrifield's Motion for Class Certification

When attempting to certify a class for litigation, a plaintiff must "affirmatively demonstrate . . . compliance with" the requirements laid out in Federal Rule of Civil Procedure 23.[5] This Court, in turn, "must find that the evidence more likely than not establishes each fact necessary to meet the requirements" of that Rule.[6]

---

[4] ECF No. 34.

[5] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

[6] *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305, 320 (3d Cir. 2008).

Ms. Merrifield's Motion for Class Certification was filed on November 27, 2017, some months before the initial discovery deadline of July 2, 2018.[7] Although there were three exhibits submitted along with the motion, it appears that the factual record was underdeveloped at the time of its filing. The motion, therefore, will be denied. Such denial, however, will be without prejudice, and Ms. Merrifield will be granted leave to seek class certification again after the completion of discovery.

### B.  Defendants' Motion to Dismiss

Count I of Ms. Merrifield's Amended Complaint is an age discrimination claim brought under 42 U.S.C. § 1983 and the Equal Protection Clause. In their Motion to Dismiss, Defendants note—and Ms. Merrifield does not dispute—that the United States Court of Appeals for the Third Circuit has held that "Congress intended the ADEA to the be exclusive remedy" for such claims.[8] As a result, this Court must dismiss Count I with prejudice.

Some of the claims in Counts II, III, V, and VI of the Amended Complaint are brought against Lock Haven and against Ms. Hill in her official capacity. Defendants note—and again, Ms. Merrifield does not dispute—that the these

---

[7]  ECF No. 19.

[8]  *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 110 (3d Cir. 2014).

claims are barred by the Eleventh Amendment.[9]  Ms. Merrifield merely seeks leave to refile these claims in state court.  As a result of the constitutional immunity, this Court must dismiss the claims against Lock Haven and against Ms. Hill in her official capacity.  Because these claims may be viable in state court,[10] however, the dismissal will be without prejudice.[11]

Count II of the Amended Complaint also contains a claim against Ms. Hill in her personal capacity, and alleges that Ms. Merrifield's procedural due process rights were violated.  Defendants argue that this claim should be dismissed for three separate reasons.  First, Defendants argue that Ms. Merrifield failed to allege that she had a protected property interest in her continued employment at the university.  Ms. Merrifield, however, alleged that she was a union member, from which fact this Court can infer that she had an employment contract and, consequently, a protected interest in her employment.[12]  Second, Defendants argue that, because Ms. Merrifield alleged the existence of a post-deprivation remedy—and does not argue that such remedy was deficient—she was, as a matter of law,

---

[9] *See, e.g.*, *Bradley v. W. Chester Univ. of the Pa. State Sys. of Higher Educ.*, 880 F.3d 643, 654 (3d Cir. 2018).

[10] *See, e.g.*, *Mansfield State College v. Kovich*, 46 Pa. Cmwlth. 399, 401-02 (1979).

[11] The reasoning in this paragraph is equally applicable to the Count I claim against Lock Haven and against Ms. Hill in her official capacity.  Dismissal of that claim, therefore, is based alternatively on these Eleventh Amendment grounds.

[12] *See Pipkin v. Pa. State Police*, 548 Pa. 1, 6 (1997) ("A governmental employee . . . has a . . . property right in h[er] employment where [s]he can establish a legitimate expectation of continued employment through . . . a contract.").

provided constitutionally sufficient process vis-à-vis her termination. The Third Circuit, however, has already dismissed this line of reasoning.[13] Finally, Defendants argue that Ms. Merrifield has failed to allege Ms. Hill's personal involvement in the termination. The Amended Complaint, however, is replete with allegations personally touching on Ms. Hill.[14] Because these three arguments have failed, Count II of the Amended Complaint, as brought against Ms. Hill in her personal capacity, will survive.

Counts I, II, III, V, and VI of the Amended Complaint seek an award of delay damages. Defendants note—and once again, Ms. Merrifield does not dispute—that such damages are not available in the present action.[15] As a result, this Court will strike Ms. Merrifield's request for them.

### C. Defendants' Motion for an Extension of Time

Defendants filed a motion for an extension of the case management deadlines, in which Ms. Merrifield concurred.[16] The Court will grant the motion.[17]

---

[13] *Schmidt v. Creedon*, 639 F.3d 587, 597 (3d Cir. 2011) (rejecting the argument "that a pre-deprivation hearing is unnecessary when post-deprivation union grievance and arbitration procedures are available").

In their reply brief, Defendants argue that pre-deprivation process alleged by Ms. Merrifield was constitutionally sufficient. Because this argument was raised for the first time in a reply brief, this Court need not—and will not—consider it. *See Cherry v. City of Philadelphia*, 216 Fed. Appx. 205, 209 (3d Cir. 2007) ("arguments raised for the first time in a reply brief are forfeited").

[14] *See, e.g.*, ECF No. 34 ¶¶ 55, 58, 64, 66.

[15] *See* Pennsylvania Rule of Civil Procedure 238.

[16] ECF No. 43.

## III. CONCLUSION

For the reasons discussed above, Ms. Merrifield's motion for class certification will be denied, and Defendants' motion for extension of time will be granted. Defendants' motion to dismiss will be granted in part and denied in part. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[17] This case has been selected for early, mandatory mediation. On March 30, 2018, the deadline for that mediation was extended to 120 days after this Court's ruling on the class certification motion. The Order accompanying this Memorandum Opinion will lay out amended deadlines.